IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAUL ANTHONY BROWN                                                      PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 1:14cv214-HSO-RHW

GEORGE LISCOMB, LAWRENCE P.                                            DEFENDANTS
BOURGEOIS, JR., and CITY OF BAY
ST. LOUIS, MS

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. At the time *pro se* Plaintiff Paul Anthony Brown initiated this action, he was incarcerated with the Mississippi Department of Corrections. Brown brings this action for damages, challenging his DUI conviction and the resulting probation revocation. The Court has considered and liberally construed the pleadings. For the reasons set forth below, the Court finds that this case should be dismissed.

### I.  BACKGROUND

Brown alleges that he was tried and convicted *in absentia* of a first offense DUI in the Municipal Court of Bay St. Louis, Mississippi, on November 28, 2011. He claims that while the trial on the DUI was being held, he was sitting, unaware, in jail. Even though Brown was not present or represented by counsel at the trial, he claims that someone presented Defendant Judge George Liscomb with a forged guilty plea. Based on this allegedly forged guilty plea, Brown claims he was convicted and sentenced to time served.

According to the pleadings, Brown subsequently appeared before Defendant

Judge Lawrence P. Bourgeois, Jr., in the Circuit Court of Harrison County, Mississippi, for a probation revocation hearing. Judge Bourgeois allegedly used the DUI conviction to revoke Brown's probation and order him to complete alcohol and drug treatment. Brown claims this was the first time he became aware of the DUI conviction. Brown asserts that he was re-incarcerated and his ultimate release date from probation was extended.

Brown initiated this action seeking both damages and habeas relief. He claims that Judges Liscomb and Bourgeois wrongfully convicted him. Brown also complains that Defendant City of Bay St. Louis is responsible for Judge Liscomb and that it ignored Brown's complaints regarding the DUI conviction. The habeas claims were severed by this Court on July 3, 2014, and opened in *Brown v. Hubbard*, Civil Action Number 1:14cv261-HSO-RHW. Brown's claims for damages under 42 U.S.C. § 1983 and state law remain.

## II. DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (2012). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted). "[I]n an action proceeding under Section 1915[, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised. . . ." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Because the Court has permitted Brown to proceed *in forma pauperis*, the Complaint is subject to the provisions allowing for *sua sponte* dismissal under § 1915.

A civil action that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). In such a case, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82 (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

Success in this action would necessarily imply the invalidity of Brown's state court convictions for DUI and probation violation. Brown argues he was tried *in absentia*, without counsel, and was convicted in both cases based solely on a forged guilty plea. Brown further claims the City is liable under respondeat superior and because it ignored his allegedly unconstitutional convictions. Success on any one of these claims would necessarily imply the invalidity of one or both of his convictions, because Brown would have shown that he was convicted in violation of due process, his right to counsel, his right to a trial, and based solely on falsified evidence. Therefore, this case may only proceed if Brown proves his convictions have been invalidated. Brown admits that both convictions still stand. In fact, he is simultaneously pursuing a writ of habeas corpus.

Because neither conviction has been invalidated, Brown is precluded by *Heck* from challenging them in this civil action at this time. The case will therefore be dismissed with prejudice for failure to state a claim, until such time as Brown has the state court DUI conviction and probation revocation invalidated via appeal, post-conviction relief, habeas corpus relief, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal will count as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### III.   <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, this case is **DISMISSED WITH PREJUDICE** for failure to

state a claim until such time as *pro se* Plaintiff Paul Anthony Brown demonstrates that his DUI conviction and probation revocation have been invalidated via appeal, post-conviction relief, habeas corpus relief, or otherwise. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE